# Joab Donaldson and Wife, in Right of the Wife, Plffs. in Err., v. Joseph Woodward.

In a suit on a promissory note, the affidavit of defense alleged that the note was given to the plaintiff, a married woman, without other considera- tion than upon her promise that she would prevent her husband from further disturbing the defendant, and that she would afterwards return the note, and that it would never come against the defendant. The affidavit further alleged that the plaintiff's husband had accused the defendant of illicit intercourse with the plaintiff, demanded money, and threatened to destroy his property. *Held*, sufficient to prevent judgment.

(Argued February 2, 1887.  Decided February 14, 1887.)

January Term, 1886, No. 213, E. D., before MERCUR, Ch. J., GORDON, PAXSON, STERRETT, GREEN, and CLARK, JJ.  Error to the Common Pleas of Fayette County to review the action of the court in dismissing a rule for judgment for want of a sufficient affidavit of defense.  Writ of error dismissed.

The affidavit of claim was as follows.

Jane Donaldson, one of the plaintiffs above named, having been duly sworn, says that the defendant, Joseph Woodward, is indebted to her in the sum of three hundred dollars, with interest from the 26th day of September, 1884, being the day when judgment was entered by the justice, on a note, a true copy of which in words and figures is as follows:

February 20, 1880.

One day after date I promise to pay Jane Donaldson sum of three hundred dollars, for value rec.

Joseph Woodward.

Credit on the back of said note as follows, *viz.*: "April the fifth, 1882, paid on within seventy-five dollars."

All of which is due and unpaid, as this affiant verily believes.

The affidavit of defense alleged a defense to the whole claim as follows:

Sometime during the fall of 1879 affiant was passing the house of said Jane Donaldson, when she, said Jane Donaldson, came out to the road, and called affiant, and told him that her husband, the said Joab Donaldson, had gone to Connellsville and would not return for a day or two, and requested affiant to come to her house to see her that night; that affiant in pursuance of said request did go to the house of said Jane Donaldson on the night that she had requested him to come; that shortly after he arrived there, and while he and said Jane Donaldson were sitting in the common sitting-room of the said Donaldson's, talking together, the said Joab Donaldson came into the room where they were so conversing.

Affiant soon afterwards went away from the house, and returned to his own home, no difficulty whatever occurring between affiant and either of said parties at that time.

A day or two after this occurrence, said Joab Donaldson came to affiant and accused him of having illicit intimacy with his wife, the said Jane Donaldson, and demanded from affiant the sum of $2,000. Affiant refused to pay the sum demanded, when said Joab Donaldson then and there threatened to burn and destroy the property of affiant. Affiant further says that frequently afterwards said Joab Donaldson came to affiant and abused and threatened him in like manner, if he would not pay to said Donaldson the said sum of $2,000; that sometime afterward the said Jane Donaldson came to affiant and stated to affiant that if he, affiant, would give her, the said Jane Donaldson, a note for $300, that she would prevent her husband, the said Joab Donaldson, from further disturbing affiant in the manner he had previously done; at the same time the said Jane Donaldson promised affiant that she would afterward return the note to affiant, and that it should never come against him; that thereupon affiant did sign and deliver to said Jane Donaldson the said note, under the circumstances above set forth and upon no other consideration whatever; that affiant did not at that time owe the said Jane Donaldson anything; that he was not

then indebted to her, nor has he since become indebted to her in any manner whatever.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, and filed the following specifications of insufficiency: (1) The affidavit of defense discloses no sufficient defense; (2) no fraud, duress, or deceit is alleged, nor is the execution of the note on which suit is brought denied.

After hearing the court discharged the rule.

The assignments of error specified the action of the court in discharging the rule and in not sustaining the above specifications and in not entering judgment against the defendant.

*Edward Campbell,* for plaintiffs in error.—The defense cannot be want of consideration; the payment of the $75 excludes that theory. Pearsoll v. Chapin, 44 Pa. 9; Negley v. Lindsay, 67 Pa. 228, 5 Am. Rep. 427; Shisler v. Vandike, 92 Pa. 447, 37 Am. Rep. 702.

The plaintiffs below would have had a perfect right to exact the note in suit from the defendant, in settlement and acquittance of such a cause of action as appears by the defendant's affidavit of defense to have existed against him. Bredin's Appeal, 92 Pa. 241–247, 37 Am. Rep. 677; Williams v. Dresler, 41 Phila. Leg. Int. 5.

The note could not be said to have been given in settlement or compromise of any infamous crime, but of one of those cases coming under the act of March 31, 1860, § 9, P. L. 284, *et seq.,* Purdon's Digest, 475, pl. 9, which may lawfully be compromised.

The infamous crimes which cannot be compromised by the party particularly injured, and out of settlement of which, of course, a valid consideration for any contract could not arise "are treason, felony, and every species of the *crimen falsi,* such as forgery, perjury, and subornation of perjury, and offenses affecting the public administration of justice, such as bribing a witness to absent himself, and not to give evidence, and conspiracies to obstruct the administration of justice, or falsely to accuse one of an indictable crime." Schuylkill Co. v. Copley, 28 Phila. Leg. Int. 180; 2 Russell, Crimes, 973, 974; Greenl. Ev. § 373; Com. v. Shaver, 3 Watts & S. 342, 343; Bickel v. Fasig, 33 Pa. 464, 465; Com. use of Lawson v. Ohio & P. R. Co. 1 Grant, Cas. 331–334.

If Mrs. Donaldson said that she would not require the defendant to pay the note, he cannot set it up as a defense. It would simply be to contradict his written contract, and his confirmation of that contract by a payment on it, by parol. Martin v. Berens, 67 Pa. 459; Burnes v. Scott, 117 U. S. 582, 29 L. ed. 991, 6 Sup. Ct. Rep. 865; Heebner v. Worrall, 38 Pa. 376; Harbold v. Kuster, 44 Pa. 392; Collins v. Baumgardner, 52 Pa. 461; McNeil v. Calligan, 1 W. N. C. 282; Wharton, Ev. §§ 936, 937, 955, 1014, 1029.

*S. L. Mestrezat* and *Morrow & Hertzog,* for defendant in error.—Generally it is sufficient if the affidavit sets forth facts showing a solid defense which can probably be established. Leibersperger v. Reading Sav. Bank, 30 Pa. 532.

When a bill, note, or bond is but an instrument to execute an illegal contract, it is tainted by the illegality, and it cannot be recovered. Morris Run Coal Co. v. Barclay Coal Co. 68 Pa. 188, 8 Am. Rep. 159.

The solemnity of the security would not have precluded an inquiry into the consideration of it had it been illegal. Lestapies v. Ingraham, 5 Pa. 82.

"Where the welfare of society and the vindication of the law are the chief objects, the defendant may give in evidence the illegality of the contract as a bar to a suit to enforce it; and this to prevent the evil which would be produced by enforcing the contract or allowing it to stand." Bredin's Appeal, 92 Pa. 247, 37 Am. Rep. 677.

Where a party has the goods or property of another in his power, so as to enable him to exert his control over it to the prejudice of the other, a threat to use this control may be in the nature of the common-law duress *per minas,* and enable the person threatened with this pernicious control to avoid a bond or note obtained without consideration, by means of such threats. Miller v. Miller, 68 Pa. 493.

PER CURIAM:
We concur with the learned judge in thinking that the affidavit of defense avers facts which if proved are sufficient to carry the case to a jury.

Writ of error dismissed, at the costs of the plaintiffs but without prejudice to their right to trial by jury and a second writ of error after final judgment.